B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Robert L. Berger, solely in his capacity as Settlement Trustee of the Diocese of Davenport Qualified Settlement Trust | **DEFENDANTS**<br>University of St. Mary of the Lake, Mundelein Seminary; Archdiocese of Chicago |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other (Settlement Trustee)<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
To Avoid Preferential Transfers and Fraudulent Transfers (11 U.S.C. §§544, 547, 548, 550 and I.C.A. Chapter 684)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference *[marked "1"]*
☒ 13-Recovery of money/property - §548 fraudulent transfer *[marked "2"]*
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 119,299.75 plus interest |
| Other Relief Sought | |

American LegalNet, Inc.
www.FormsWorkflow.com

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DIOCESE OF DAVENPORT | BANKRUPTCY CASE NO.<br>06-02229-lmj11 | |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT | DIVISION OFFICE<br>DAVENPORT | NAME OF JUDGE<br>HON. LEE M. JACKWIG |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Gillian N. Brown | | |
| DATE<br>October 9, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>GILLIAN N. BROWN | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>DIOCESE OF DAVENPORT,<br><br>                Debtor.<br><br>ROBERT L. BERGER, solely in his capacity<br>as Settlement Trustee of the Diocese of Davenport<br>Qualified Settlement Trust,<br><br>                Plaintiff,<br><br>                v.<br><br>UNIVERSITY OF ST MARY OF THE LAKE,<br>MUNDELEIN SEMINARY; ARCHDIOCESE OF<br>CHICAGO, a corporation sole,<br><br>                Defendants. | Case No. 06-02229-lmj11<br><br>Chapter 11<br><br>Honorable Lee M. Jackwig |

## COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT AND PREFERENTIAL TRANSFERS

Robert L. Berger, solely in his capacity as Settlement Trustee of the Diocese of Davenport Qualified Settlement Trust (the "Plaintiff" or "Settlement Trustee"), by and through his undersigned counsel, for his *Complaint for Avoidance and Recovery of Fraudulent and Preferential Transfers* (the "Complaint") against the University of St. Mary of the Lake, Mundelein Seminary (the "Defendant"), alleges as follows:

## The Parties

1. Plaintiff, the Settlement Trustee, was appointed by an Order of this Court to commence and prosecute any avoidance actions of the Diocese of Davenport.

2. Upon information and belief, Defendant is located in Mundelein, Illinois and is organized under the laws of the state of Illinois.

3. Upon information and belief, Defendant Archdiocese of Chicago ("Defendant Archdiocese," together with Defendant Seminary, the "Defendants") is a corporation sole organized under the laws of the state of Illinois.

## Jurisdiction and Venue

4. The Court has jurisdiction over this matter under the Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code") and pursuant to 28 U.S.C. §§157(a) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. §157.

5. Venue in this district is proper pursuant to 28 U.S.C. §1409(a).

6. The statutory predicates for the relief requested herein are Sections 547, 548 and 550 of the Bankruptcy Code; Federal Rules of Bankruptcy Procedure 7001(1); and Iowa Code Annotated ("I.C.A.") Chapter 684.

## General Allegations

### The Diocese and the Settlement Trustee

7. On October 10, 2006 (the "Petition Date"), the Diocese of Davenport (the "Diocese") filed a voluntary petition for relief under the Bankruptcy Code.

8. On May 1, 2008, the Court entered the *Order Confirming Debtor's Second Amended Joint Plan of Reorganization* (the "Confirmation Order").

9. Paragraph 4 of the Confirmation Order appointed Robert L. Berger as Settlement Trustee of the Diocese of Davenport Qualified Settlement Trust.

10. Per Article 13.13 of the *Second Amended Joint Plan of Reorganization Proposed by Debtor and Official Committee of Unsecured Creditors, dated as of April 3, 2008* (the "Plan"), "The Settlement Trustee shall have all of the rights and remedies of the Debtor [the Diocese of Davenport] and the Reorganized Debtor as of the Effective Date with respect to, and may commence and prosecute, any Avoidance Action."

11. The Effective Date in this bankruptcy case was June 9, 2008.

**Payments to Defendant**

12. On or about September 21, 2006, a transfer of the Diocese's money was made to Defendants, or one of them, in the total amount of $118,320.00 (the "First Transfer") by check number 23788-2386 drawn on the Diocese's bank account. A document reflecting the invoice for this First Transfer is attached hereto as **Exhibit 1**.

13. On or about October 9, 2006, a transfer of the Diocese's money was made to Defendants, or one of them, in the total amount of $979.75 (the "Second Transfer," collectively with the First Transfer, the "Transfers") by check number 2178-2394 drawn on the Diocese's bank account.

14. The Settlement Trustee is informed and believes that at least one creditor holding an unsecured claim that is allowable under Section 502 of the Bankruptcy Code or

that is not allowable under Section 502(e) of the Bankruptcy Code exists, who can avoid the Transfers and/or obligations referred to in this Complaint. The Settlement Trustee may assert the rights of such creditors pursuant to Section 544(b) of the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF

**(To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and I.C.A. Chapter 684)**

**(against both Defendants)**

15. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 13 above, inclusive, as though fully set forth herein.

16. Plaintiff is informed and believes and thereon alleges that the Transfers were made to Defendant with an actual intent to hinder, delay, or defraud the Diocese's creditors.

17. At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. §548(a)(1)(A) and I.C.A. Chapter 684.

## SECOND CLAIM FOR RELIEF

**(To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. §§544(b) and 548(a)(1)(B) and I.C.A. Chapter 684)**

**(against both Defendants)**

18. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 13 above, inclusive, as though fully set forth herein.

19. Plaintiff is informed and believes, and thereon asserts that at all relevant times, the Diocese: (a) was insolvent, or became insolvent as a result of the Transfers; (b)

18478-004\DOCS_LA:190777.1                    4

was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

20. Plaintiff is informed and believes, and thereon asserts, that Defendant did not give the Diocese, and the Diocese did not otherwise receive, reasonably equivalent value for the Transfers.

21. At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. §548(a)(1)(B) and I.C.A. Chapter 684.

## THIRD CLAIM FOR RELIEF

### (To Avoid Preferential Transfers – 11 U.S.C. §547)

### (against both Defendants)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13 above, inclusive, as though set forth fully herein.

23. Alternatively, Plaintiff alleges that the Transfers, which were made to Defendant within 90 days prior to the Petition Date (the "Preferential Transfers") were made to Defendant as a creditor of the Diocese and on account of an antecedent debt that the Diocese owed to Defendant before the Preferential Transfers were made.

24. The Preferential Transfers were made while the Diocese was insolvent.

25. The Preferential Transfers to Defendant enabled Defendant to receive more than it would have received if: (i) the Diocese's case was a case under chapter 7 of the Bankruptcy

Document   Page 8 of 12

Code; (ii) if the Preferential Transfers had not been made; and (iii) Defendant received payment on the debt to the extent provided by the Bankruptcy Code.

26. Plaintiff is entitled to an order and judgment against Defendant under Section 547 of the Bankruptcy Code that the Preferential Transfers are avoided.

## FOURTH CLAIM FOR RELIEF

**(Recovery of Property – 11 U.S.C. §§ 544(b) and 550 and I.C.A. Chapter 684)**

27. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

28. Upon information and belief, Plaintiff alleges that Defendant is the initial transferee of the Transfers and/or Preferential Transfers, or the immediate or mediate transferee of such initial transferee.

29. Plaintiff is entitled to avoid the Preferential Transfers under Sections 544(b), 547, or 548 of the Bankruptcy Code, and to avoid the Transfers under Sections 544 and 548 of the Bankruptcy Code, and I.C.A. Chapter 684. As Defendant is the initial, immediate, or mediate transferee of the Preferential Transfers and the Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the respective Transfers under 11 U.S.C. §550 and I.C.A. Chapter 684.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For a determination that the Preferential Transfers and the Transfers are avoidable as preferential or fraudulent transfers pursuant to Sections 544, 547, and/or 548 of the Bankruptcy Code, and that Plaintiff is entitled to recover the Preferential Transfers and/or

the Transfers, or the value thereof, under Section 550 of the Bankruptcy Code;

2. For a determination that the Transfers are avoidable as fraudulent transfers pursuant to Iowa Code Annotated Chapter 684, and that Plaintiff is entitled to recover the value thereof under Iowa Code Annotated Chapter 684;

3. Prejudgment interest;

4. Costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:    October 9, 2008            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Gillian N. Brown*

By: James I. Stang (CA Bar No. 94435 - IS9998306)
Hamid R. Rafatjoo (CA Bar No. 181564 - IS9998402)
Gillian N. Brown (CA Bar No. 205132 - IS9998401)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       hrafatjoo@pszjlaw.com
       gbrown@pszjlaw.com

Attorneys for the Settlement Trustee

# EXHIBIT 1

GNB-001\DOCS_LA:184998.1

**UNIVERSITY OF ST. MARY OF THE LAKE**
CATHOLIC BISHOP OF CHICAGO, A CORPORATION SOLE
1000 E. MAPLE AVENUE
MUNDELEIN, ILLINOIS 60060
(847) 566-6401 • FAX (847) 566-7330

# Invoice

| DATE | NUMBER |
|---|---|
| 9/21/2006 | 3271 |

**Billing Address**
DIOCESE OF DAVENPORT
2706 N. GAINES ST.
DAVENPORT, IA 52804

**Service Address**
DIOCESE OF DAVENPORT
2706 N. GAINES ST.
DAVENPORT, IA 52804

DUE UPON RECEIPT

*Complete*

| Charge Date | Charge Code | Description | Fixed Charge | Quantity | Unit Price | Amount | Sales Tax |
|---|---|---|---|---|---|---|---|
| 9/20/2006 | STUDENT | HAI DINH | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | JOSEPH SIA | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | JOEL BAUMGARTNER | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | THIEN NGUYEN | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | CORY CLOSE | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | TUITION PY | TUITION CHARGE PER YEAR | 0.00 | 5.00 | 16,272.00 | 81,360.00 | |
| 9/20/2006 | R & B PY | ROOM & BOARD PER YEAR | 0.00 | 5.00 | 6,957.00 | 34,785.00 | |
| 9/20/2006 | FEE RET YR | RETREAT FEE PER YEAR | 0.00 | 5.00 | 185.00 | 925.00 | |
| 9/20/2006 | FEE TECH Y | TECHNOLOGY FEE PER YEAR | 0.00 | 5.00 | 250.00 | 1,250.00 | |

Payment Terms: Net 10 Days

*ck# 23788*
*$118320*
*9/27/06*

Sales Tax: 0.00
Total: $118,320.00

Customer ID   DAVE01
Customer Name   DIOCESE OF DAVENPORT

Invoice ID   3271
Invoice Date   9/21/2006

| Charge Date | Charge Code | Description | Fixed Charge | Quantity | Unit Price | Amount | Sales Tax |
|---|---|---|---|---|---|---|---|
| 9/20/2006 | STUDENT | HAI DINH | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | JOSEPH SIA | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | JOEL BAUMGARTNER | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | THIEN NGUYEN | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | CORY CLOSE | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | TUITION PY | TUITION CHARGE PER YEAR | 0.00 | 5.00 | 16,272.00 | 81,360.00 | |
| 9/20/2006 | R & B PY | ROOM & BOARD PER YEAR | 0.00 | 5.00 | 6,957.00 | 34,785.00 | |
| 9/20/2006 | FEE RET YR | RETREAT FEE PER YEAR | 0.00 | 5.00 | 185.00 | 925.00 | |
| 9/20/2006 | FEE TECH Y | TECHNOLOGY FEE PER YEAR | 0.00 | 5.00 | 250.00 | 1,250.00 | |

Payment Terms: Net 10 Days
DUE UPON RECEIPT

Sales Tax: 0.00
Total: $118,320.00

PRODUCT 12062M   USE WITH 9308 ENVELOPE   RAPIDFORMS 1-800-257-8354 or www.rapidforms.com   PRINTED IN U.S.A.

   

EXHIBIT 7              8

**UNIVERSITY OF ST. MARY OF THE LAKE**
CATHOLIC BISHOP OF CHICAGO, A CORPORATION SOLE
1000 E. MAPLE AVENUE
MUNDELEIN, ILLINOIS 60060
(847) 566-6401 • FAX (847) 566-7330

# Invoice

| Invoice | DATE | NUMBER |
|---|---|---|
| | 9/21/2006 | 3271 |

Billing Address
DIOCESE OF DAVENPORT
2706 N. GAINES ST.
DAVENPORT, IA 52804

Service Address
DIOCESE OF DAVENPORT
2706 N. GAINES ST.
DAVENPORT, IA 52804

9/27/06

DUE UPON RECEIPT

| Charge Date | Charge Code | Description | Fixed Charge | Quantity | Unit Price | Amount | Sales Tax |
|---|---|---|---|---|---|---|---|
| 9/20/2006 | STUDENT | HAI DINH | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | JOSEPH SIA | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | JOEL BAUMGARTNER | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | THIEN NGUYEN | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | STUDENT | CORY CLOSE | 0.00 | 0.00 | 0.00 | 0.00 | |
| 9/20/2006 | TUITION PY | TUITION CHARGE PER YEAR | 0.00 | 5.00 | 16,272.00 | 81,360.00 | |
| 9/20/2006 | R & B PY | ROOM & BOARD PER YEAR | 0.00 | 5.00 | 6,957.00 | 34,785.00 | |
| 9/20/2006 | FEE RET YR | RETREAT FEE PER YEAR | 0.00 | 5.00 | 185.00 | 925.00 | |
| 9/20/2006 | FEE TECH Y | TECHNOLOGY FEE PER YEAR | 0.00 | 5.00 | 250.00 | 1,250.00 | |

Payment Terms: Net 10 Days

Sales Tax: 0.00
Total: $118,320.00

Customer ID: DAVE01
Customer Name: DIOCESE OF DAVENPORT
Invoice ID: 3271
Invoice Date: 9/21/2006

---

**DIOCESE OF DAVENPORT**
2706 N. GAINES ST.
DAVENPORT, IA 52804-1998

QUAD CITY BANK & TRUST COMPANY
33-22/739

23788

CONTROL NO. 2386-20443-7

PAY **********118,320 Dollars and 00 Cents

DATE 09/21/2006
AMOUNT **118,320.00

TO THE ORDER OF
UNIVERSITY OF ST. MARY OF THE LAKE
1000 E. MAPLE AVE.
MUNDELEIN           IL    60060-1174

⑈023788⑈ ⑆073902232⑆ 36 ⑆⑈

9