IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>DIOCESE OF DAVENPORT,<br><br>        Debtor.<br><br>ROBERT L. BERGER, solely in his capacity<br>as Settlement Trustee of the Diocese of Davenport<br>Qualified Settlement Trust,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF ST MARY OF THE LAKE,<br>MUNDELEIN SEMINARY; THE CATHOLIC<br>BISHOP OF CHICAGO, an Illinois corporation<br>sole,<br><br>        Defendants. | Case No. 06-02229-lmj11<br><br>Chapter 11<br><br>Honorable Lee M. Jackwig<br><br>Adv. Case No. 08-30126 |

**PLAINTIFF'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF POST PETITION
DEALINGS BETWEEN THE DIOCESE OF DAVENPORT AND THE DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26, made applicable here by of the Federal Rules of Bankruptcy Procedure 7026, and 11 U.S.C. § 547(c)(2), Plaintiff Robert L. Berger, solely in his capacity as Settlement Trustee of the Diocese of Davenport Qualified Settlement Trust ("Plaintiff") moves for an order precluding Defendants University of St. Mary of the Lake, Mundelein Seminary and The Catholic Bishop of Chicago (collectively, "Defendants") from introducing evidence at trial of postpetition business dealings between the Diocese of Davenport

18478-004\DOCS_LA:234486.2            1

and the Defendants. In support of its motion (the "Motion"), Plaintiff respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff expects that Defendants will attempt to introduce evidence at trial in ostensible support of its "ordinary course of business" defense against Plaintiff's preferential transfer claim. Among the evidence Defendants are expected to introduce are documents and testimony regarding the *postpetition* business dealings between the Diocese of Davenport (the "Diocese") and Defendants. This evidence has no relevance to Defendants' ordinary course defense under 11 U.S.C. § 547(c)(2) ("Section 547(c)(2)") and should be excluded.

2. In the instant adversary proceeding, Plaintiff seeks, among other things, to avoid and recover a preferential transfer of $118,320 (the "Transfer") that the Diocese of Davenport made to Defendants on or before September 27, 2006. The transfer was made less than three weeks before the Diocese filed its chapter 11 petition with the Court on October 10, 2006 (the "Petition Date").

3. In the parties' joint trial exhibit list, Defendants seek to introduce Exhibits M, N, O, and P, which purport to be invoices between the Diocese and the Defendants from 2007 and 2008, that is, from the period *after* the Petition Date. Those Exhibits, and any testimony regarding them, have no relevance to Defendants' Section 547(c)(2) ordinary course of business defense. This expected evidence should be excluded under Federal Rule of Evidence 401.

## II. PROCEDURAL BACKGROUND

4. On or before September 27, 2006, Defendants received the Transfer from the Diocese. *See Joint Pre-Trial Stipulation Re Facts, Issues, Exhibits, and Witnesses*, Uncontested Fact #21.

5. Less than three weeks later, on October 10, 2006, the Diocese of Davenport commenced its bankruptcy case by filing a voluntary petition for relief under title 11 of chapter 11 the United States Code. *See id.*, Uncontested Fact #25.

6. On October 8, 2006, Plaintiff commenced the instant adversary proceeding to avoid and recover a single payment of $118,320.00 as both a fraudulent transfer and preferential transfer (the "Transfer").[1]

7. On October 12, 2010, the parties submitted their *Joint Pre-Trial Stipulation Re Facts, Issues, Exhibits, and Witnesses*. Defendants submitted Joint Trial Exhibits M, N, O, and P as potential trial exhibits. These exhibits purport to be invoices from the Diocese to Defendants dated 2007 (Exhibits M and N), and 2008 (Exhibits O and P). Plaintiff objected to those documents on the grounds of relevance. *See* Federal Rule of Evidence 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

## III.   ARGUMENT: EVIDENCE OF POST PETITION BUSINESS BETWEEN THE DIOCESE AND THE DEFENDANTS SHOULD BE EXCLUDED AS NOT RELEVANT TO DEFENDANTS' SECTION 547(C)(2) ORDINARY COURSE OF BUSINESS DEFENSE

8. Defendants' ordinary course of business defense under Section 547(c)(2) cannot include evidence of the parties' course of dealings *after* the Petition Date. Any such evidence, including proposed Joint Trial Exhibits M, N, O, and P, should be excluded from evidence both because (1) the text of Section 547 limits the defense to evidence of a prepetition course of

---

[1] Plaintiff's complaint also sought to avoid a second payment of $979.75 (the "Second Transfer"). The Court's Order on August 31, 2010 [Docket No. 42] deemed the Second Transfer moot; trial will not include recovery of the Second Transfer.

business, and (2) Eighth Circuit case law recognizes that postpetition dealings between a debtor and creditor are not relevant to the ordinary course of business defense.

9. The Section 547(c)(2) ordinary course of business defense provides as follows:

> The trustee may not avoid under this section a transfer –. . . (2) to the extent that such transfer *was* in payment of a debt *incurred* by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer *was* – (A) *made* in the ordinary course of business or financial affairs of the debtor and the transferee; or (B) *made* according to ordinary business terms. . .

11 U.S.C. § 547(c)(2) (emphases added).

10. Congress' use of the past tense in Section 547(c)(2) points to the focus of that statutory provision, which is to void unusual transfers during the debtor's *prepetition* "slide into bankruptcy." *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 373-74 (1997), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6329. Thus, the relevant time period for evidence of the ordinary course of business must be the pre-preference period (a pre-distress period prior to the 90-day statutory preference window marked by "normal financial relations") and the preference period itself. *See id.* ("the purpose of this [ordinary course] exception is to leave undisturbed normal financial relations because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's *slide into bankruptcy*") (emphasis added).

11. The postpetition course of dealing between Defendants and the Diocese has no bearing on the Diocese's ordinary course of business because, by definition, it postdates the "slide into bankruptcy." Postpetition dealings between a debtor and its creditors are shaped by the requirements of and restrictions on the chapter 11 debtor during its bankruptcy case. The Eighth Circuit has expressly recognized the prepetition focus of the Section 547(c)(2) ordinary course defense. *See, e.g., In re Gateway Pacific Corp.*, 153 F.3d 915, 917 (8th Cir. 1998) ("The controlling factor [in determining whether debtor's payments during the preference period were made in the ordinary course] is whether the transactions between the debtor and the creditor,

both *before* and during the ninety-day period, were consistent. . . . The record reflects that during the time *preceding* the preferential period, as well as during the preferential period itself, Debtor consistently made tardy payments with company checks, paid the invoices in full, and was not penalized for its slow payments."(emphases added); *In re Stewart*, 282 B.R. 871, 875 (B.A.P. 8th Cir. 2002) ("the controlling factor is whether the transactions between the debtor and the transferee were consistent both *before* and during the preference period") (emphasis added and citations omitted); *Shodeen v. Airline Software, Inc. (In re Accessair, Inc.)*, 314 B.R. 386, 393 (B.A.P. 8th Cir. 2004) (noting that transferee "had the burden of establishing some baseline of dealings between the parties *prior* to the preference period to enable the bankruptcy court to compare [debtor]'s payment practice in the preference period with its prior payment practices") (emphasis added); *Peltz v. Denver Post Corp. (In re Bridge Information Systems, Inc.)*, 297 B.R. 759, 764 (Bankr. E.D. Mo. 2003) ("the central factor [in the analysis under § 547(c)(2)(B)] the court should examine is whether the transferee can demonstrate some consistency in both the timing and method of payment between the payment in question and the payments debtor made during the twelve months preceding the petition date (the 'Pre-Preference Period')") (citing *Central Hardware Co. v. Sherwin-Williams Co. (In re Spirit Holding Co.)*, 153 F.3d 902, 905 (8th Cir. 1998)); *Peltz v. Application Eng'g Group, Inc. (In re Bridge Information Systems, Inc.)*, 287 B.R. 258, 264 (Bankr. E.D. Mo. 2002) (similar); *In re Interstate Bakeries Corp.*, 2011 Bankr. LEXIS 140, *9-*10 (Bankr. W.D. Mo. Jan. 12, 2011) (similar).

12. Accordingly, any evidence of the course of dealing between the Diocese and the Defendants after the Petition Date is not relevant to their ordinary course of business for purposes of establishing a Section 547(c)(2) defense. As such, Exhibits M, N, O, and P should not be admitted into evidence and Defendants should be precluded from providing testimonial evidence on this point.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant *Plaintiff's Motion in Limine to Exclude Evidence of Post Petition Dealings Between the Diocese of Davenport and the Defendants*, including, but not limited to, excluding Exhibits M, N, O, and P from the trial record and excluding testimonial evidence regarding any post Petition Date business dealings.

Respectfully submitted,

Dated:   March 15, 2011                PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Gillian N. Brown*
      James I. Stang (CA Bar No. 94435 - IS9998306)
      Gillian N. Brown (CA Bar No. 205132 - IS9998401)
      10100 Santa Monica Blvd., 11th Floor
      Los Angeles, California 90067-4100
      Telephone: 310/277-6910
      Facsimile: 310/201-0760
      Email: jstang@pszjlaw.com
             gbrown@pszjlaw.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that on March 16, 2011, a copy of the **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POST PETITION DEALINGS BETWEEN THE DIOCESE OF DAVENPORT AND THE DEFENDANTS** to which this certificate is attached was caused to be served by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who have provided email addresses and are registered through the ECF System.

/s/ Mary de Leon
Mary de Leon

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**08-30126-lmj Notice will be electronically mailed to:**

Gillian N Brown on behalf of Plaintiff Robert Berger
gbrown@pszjlaw.com

Maureen A Murphy on behalf of Defendant Archdiocese of Chicago
mmurphy@archchicago.org